UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                 :

ARVIND GUPTA,                      :
                                 :

                   Plaintiff,    :

                                 :

            -v-                  :

                                 :

HEADSTRONG, INC., and HILDA L. SOLIS, :
*Secretary, United States Department of Labor*, :
                                 :

                 Defendants.   :
                                 :
---------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/13

No. 12 Civ. 6652 (RA)

MEMORANDUM OPINION AND
ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff Arvind Gupta, proceeding *pro se*, brings this action against Defendant Headstrong, Inc. pursuant to 8 U.S.C. § 1182(n) of the Immigration and Nationality Act ("INA"). Gupta seeks "judicial review of final agency action by Defendant Secretary, U.S. Department of Labor" and "Declaratory Judgment regarding the timeliness of his complaint." (Compl. ¶ 1.) Headstrong moves to dismiss Gupta's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Headstrong's motion is granted.

I.    **Background[1]**

       In March 2006, Gupta, a citizen of India, entered into an employment agreement with Headstrong, a global provider of comprehensive consulting and IT services. (Compl. ¶¶ 1, 6-7, 10.) Thereafter, the Department of Labor ("DOL") certified a Labor Condition Application that permitted Headstrong to employ Gupta from March 16, 2006 to March 16, 2009. (Id. ¶ 10.) On April 24, 2006, United States Citizenship and Immigration Services ("USCIS") approved

---

[1]     The following facts, taken from the complaint, are assumed to be true for purposes of this motion. See Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013).

Headstrong's petition for nonimmigrant worker status ("H-1B petition") for April 24, 2006 to November 8, 2007. (Id.)

Gupta received a letter from Headstrong on November 16, 2006 stating that "we have elected to terminate your employment due to lack of work . . . you are effectively terminated as an employee of Headstrong as of November 27, 2006." (Id. ¶ 12.)  Subsequently, however, Gupta alleges that he was told by management at Headstrong that "they [would] not inform USCIS to cancel his H-1B petition, [they would] look for alternative positions and when [a] suitable opportunity [would] arise; they [would] offer the same to the Plaintiff." (Id. ¶ 13.) Gupta later learned that Headstrong notified USCIS that his H1-B petition could be cancelled on January 15, 2007. (Id. ¶ 15.)

On January 18, 2008, Gupta contacted the DOL by telephone, and indicated that Headstrong had not paid him wages through November 8, 2007 as required by the INA and that he would send a written complaint shortly. (Id.) The written complaint was filed with the DOL in May 2008. (Id. Ex. 5.) Gupta also requested payment of the wages at issue from Headstrong directly. (Id. ¶ 16.)

Gupta was informed by the Wage and Hour Division ("WHD") of the DOL on June 8, 2010 that his complaint was untimely. (Id. ¶ 19.)  He requested a hearing before an administrative law judge, which was denied by order dated October 12, 2010. (Id. ¶¶ 20-23.) Gupta then brought a second claim, alleging misrepresentation of a material fact in his Labor Condition Application previously submitted by Headstrong. (Id. ¶ 25.)  Similarly, this claim was found to be untimely and Gupta's request for a hearing was denied. (Id. ¶¶ 25-26.)   The Administrative Review Board accepted Gupta's petition for review for both cases through a consolidated appeal, but ultimately agreed with the Administrative Law Judge that an

investigation of Gupta's complaint was not warranted because he had not filed a timely complaint. (Id. ¶ 27.)

Gupta commenced this action on August 30, 2012 against Headstrong and the Department of Labor seeking "judicial review of final agency action by Defendant Secretary, U.S. Department of Labor," a declaratory judgment regarding the timeliness of his complaint and "any and all relief and damages as provided by INA and its implementing regulations." (Id. ¶ 1.)

On December 6, 2012, Gupta entered into a Stipulation and Order of Remand and Dismissal with the DOL. (Dkt. No. 23.) The Stipulation provided that the "DOL has determined that its administrative record is incomplete for purposes of judicial review, and that it should give further consideration to whether it erred in concluding that Gupta's complaints were untimely." (Id.) Accordingly, the parties resolved that "[t]he WHD's determination that Gupta's complaints against Headstrong were untimely is vacated and the matter is remanded to the WHD for a new decision on Gupta's complaints and request for investigation." (Id.) The stipulation further provided that it "shall have no effect on Gupta's claims in this action against Headstrong, Inc." (Id.) Headstrong was not a party to the stipulation. (Id.)

Before the Court is Headstrong's motion to dismiss. Headstrong claims that because Gupta's claim is still pending in the WHD, the Court lacks subject matter jurisdiction over the action and the Complaint fails to state a claim upon which relief can be granted.

## II.     Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party

asserting it."   Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).   "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings."   Id.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id.  Where a plaintiff is proceeding *pro se*, the Court reads the plaintiff's pleadings liberally and interprets them "to raise the strongest arguments that they suggest."   Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)(internal quotation marks omitted).   Nonetheless, a pleading that offers "labels and conclusions" or only provides "naked assertion[s]" devoid of "further factual enhancement" is insufficient.   Twombly, 550 U.S. at 555, 557.

## III.   Discussion

### A.   Exhaustion of Remedies

Headstrong alleges that because Gupta has not exhausted his administrative remedies, the complaint is premature and must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  "Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'"   Howell v. I.N.S., 72 F.3d 288, 291 (2d Cir. 1995) (quoting Guitard v. United States Secretary of Navy, 967 F.2d 737, 740 (2d Cir. 1992)). "If a party fails to exhaust administrative remedies, then the court may dismiss the action

because subject matter jurisdiction does not exist." Howell, 72 F.3d at 291. "[T]he defense of exhaustion of administrative remedies generally implicates jurisdiction." Shah v. Wilco Sys., Inc., 126 F. Supp. 2d 641, 647 (S.D.N.Y. 2000).

The INA contains a comprehensive administrative scheme to redress alleged violations of Section 1182(n), which sets forth the requirements of the H-1B visa program.[2] See id. "To qualify for an H-1B visa, an alien must have both 'highly specialized knowledge' of a particular occupation and a promise of employment from an American employer for a paid position." United States v. Ramirez, 420 F.3d 134, 137 (2d Cir. 2005). Before an H-1B visa is issued, the employer must file a Labor Condition Application and other supporting documents with the DOL and obtain the agency's approval. See 8 U.S.C. § 1182(n)(1). As part of this application, the employer must attest to several things, including that it will pay the H-1B employee no less than its other similarly qualified employees and that its current employees are not on strike. See § 1182(n)(1).

Section 1182(n) entrusts the investigation of complaints into an employer's alleged failure to satisfy the requirements in the Labor Condition Application to the Secretary of Labor and the Attorney General. See § 1182(n)(2)(A)-(n)(5)(A). Pursuant to Section 1182(n)(2), the aggrieved party must file a complaint with the Wage and Hour Division of the DOL, which then makes a determination regarding the validity of the complaint. See § 1182(n)(2); 20 C.F.R. §§ 665.805, 655.815. If the party is dissatisfied with this determination, he may request a hearing before an administrative law judge. Thereafter, any party may petition for review by the DOL's Administrative Review Board, whose decision in turn may be appealed to the appropriate Untied States District Court. 20 C.F.R. §§ 655.840, 655.845, 655.850.

---

[2]     The term "H-1B visa" derives from Section 101(a)(15)(H)(i)(b) the INA, which sets forth the requirements for this type of visa.

5

Although Gupta previously took part in the administrative process, his claims have been reopened before the WHD since the filing of the complaint. Gupta's stipulation with the DOL provides that his request for an investigation is to be reconsidered by the WHD.[3] Accordingly, Gupta's claims are still being considered pursuant to the administrative scheme set forth in Section 1182(n) and he will have the opportunity to present his claims against Headstrong in that forum. Courts in this district have dismissed properly filed complaints after intervening circumstances provided the plaintiff a renewed opportunity to pursue his claims through administrative proceedings. See Howell, 72 F.3d at 293 ("Because deportation proceedings have commenced, Howell has the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge. Thus Howell must pursue these remedies rather than seek review in the district court."); Gandria v. Gantner, No. 05 Civ. 6621 (NRB), 2008 WL 650369, at *3 (S.D.N.Y. Mar. 6, 2008) (finding plaintiff had failed to exhaust his remedies where he "filed a complaint in district court and subsequently the [INS] commenced removal proceedings" because "plaintiff may renew his adjustment application for *de novo* consideration before the Immigration Judge in the removal proceedings"). Gupta's stipulation with the DOL providing that it "shall have no effect on [his] claims in this action against Headstrong," does not distinguish this case from the others in this district because such stipulation does not override the legal requirement that all administrative remedies be exhausted. Because Gupta's claims regarding Headstrong's alleged H-1B violations are presently being considered by the WHD, he has not exhausted his administrative remedies and cannot yet proceed before this Court.[4]

---

[3]    Indeed, the WHD has since informed Gupta that it has determined that there is reasonable cause to conduct an investigation regarding Headstrong's alleged violations of the H-1B visa program, as Gupta so requested.

[4]    Gupta argues that, even assuming he has failed to exhaust his administrative remedies, Headstrong is

**B.    Private Right of Action**

Gupta's complaint must also be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because there is no private right of action until administrative remedies have been exhausted.    In determining whether a private right of action exists, "the ultimate issue is whether Congress intended to create a private cause of action." California v. Sierra Club, 451 U.S. 287, 293 (1981).   As Judge Schwartz concluded in Shah, "nothing in [§ 1182(n)] indicates that Congress intended to provide a private right of action in federal court to enforce violations of [the statute] in the first instance." 126 F. Supp. 2d at 648. Moreover, "[n]ot only do comprehensive administrative mechanisms exist, but also the legislative history of the Immigration and Nationality Act yields no support for the proposition that Congress intended to create a private right of action" in Section 1182(n).    Biran v. JP Morgan Chase, No. 02 Civ. 5506 (SHS), 2002 WL 31040345, at *3 (S.D.N.Y. Sept. 12, 2002). Accordingly, "Section 1182(n) does not provide for a private right action in federal court in the first instance for complaints concerning an employer's violation of the Section," Shah, 126 F. Supp. 2d at 647-48, and Gupta's complaint thus fails to state a claim upon which relief can be granted.

---

estopped from raising failure to exhaust. This argument fails. Estoppel applies where a party has made two factual statements that conflict. See DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010). "[A] court must carefully consider the contexts in which apparently contradictory statements are made to determine if, there is, in fact, direct and irreconcilable contradiction." Id. Headstrong's previous position that Gupta's complaint was untimely does not irreconcilably conflict with its current argument that Gupta failed to exhaust his adminsitrative remedies.

    Additionally, while "waiver of administrative exhaustion is permitted where plaintiffs establish that they will suffer irreparable harm if forced to endure administrative procedure, or that resort to the administrative process would be futile," see Shah, 126 F. Supp. 2d at 650-51, Gupta has established neither.  Pursuant to the Stipulation of Remand and Dismissal with the DOL, the WHD will issue " a new decision on Gupta's complaints and request for investigation." (Dkt. No. 23.) Additionally, although Gupta argues that "inconsistent litigation conduct . . . is prejudicial to the plaintiff because it is thwarting a timely decision on the merits," (Pl. Opp'n 5), he has not alleged that this delay will cause irreparable harm to him.

**IV.    Conclusion**

For the foregoing reasons, Headstrong's motion to dismiss is granted and Gupta's claims against Headstrong are dismissed without prejudice.

The Clerk of Court is respectfully directed to enter judgment for Headstrong, close Docket Number 25 and close the case.

SO ORDERED.

Dated:        August 30, 2013
              New York, New York

                                                Ronnie Abrams
                                                United States District Judge

8